THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOANN PELLETIER | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No: 05-30109-MAP |
| | ) | |
| V. | ) | |
| | ) | |
| | ) | |
| CHITRA PUBLICATIONS | ) | |
| and | ) | |
| SANDRA T. TALBOT | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT, SANDRA T. TALBOT

The Defendant, Sandra T. Talbot ("Talbot"), hereby Answers the Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE[1]

1. The allegations set forth in paragraph 1 of the Plaintiff's Complaint state a legal conclusion to which no response is required.

2. Talbot admits that she resides in Massachusetts. The remaining allegations contained in Paragraph 2 of the Plaintiff's Complaint either state a legal conclusion and/or relate to the Defendant, Chitra Publications ("Chitra") and, therefore, no response is required thereto.

3. The allegations contained in Paragraph 3 of the Plaintiff's Complaint state a legal conclusion to which no response is required.

---

[1] For convenience, the section headings as set forth in the Plaintiff's Complaint are repeated herein.

4. The allegations contained in Paragraph 4 of the Plaintiff's Complaint state a legal conclusion to which no response is required.

## THE PARTIES

5. Talbot admits that the Plaintiff is an individual residing at 41 Woolworth Street, Longmeadow, Massachusetts 01106 but denies the remaining allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. Talbot is without knowledge or information sufficient to form a belief as to the proper address and/or state of incorporation of Chitra or as to the specifics of Chitra's business. Talbot admits that Chitra publishes one or more magazines which in at least some instances include pictures of quilts and quilt designs. To the extent not otherwise addressed above, the remaining allegations contained in Paragraph 6 of the Plaintiff's Complaint are denied.

7. Admit.

## COUNT I – COPYRIGHT INFRINGEMENT AS TO DEFENDANT SANDRA T. TALBOT

8. Talbot repeats and re-alleges her answers to Paragraphs 1-7, above.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Talbot admits receipt of a September 21, 2004 letter from Attorney Deborah A. Basile of Doherty, Wallace, Pillsbury & Murphy, P.C., but otherwise denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. Denied.

18. Denied.

## COUNT II – COPYRIGHT INFRINGEMENT AS TO DEFENDANT CHITRA PUBLICATIONS

19. Talbot repeats and re-alleges her answers to Paragraphs 1-18, above.

20-28. The allegations contained in paragraphs 20 –28 of the Plaintiff's Complaint do not assert allegations against Talbot and, therefore, no response is required thereto. To the extent that the contents of Paragraphs 20-28 are construed as containing allegations against Talbot, such allegations are denied.

## COUNT III – FALSE DESIGNATION OF ORIGIN AS TO DEFENDANT SANDRA T. TALBOT

29. Talbot repeats and re-alleges her answers to Paragraphs 1-28, above.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## COUNT IV – FALSE DESIGNATION FO ORIGIN AS TO DEFENDANT CHITRA PUBLICATIONS

34. Talbot repeats and re-alleges her answers to Paragraphs 1-34, above.

35-38. The allegations contained in paragraphs 35-38 of the Plaintiff's Complaint do not assert allegations against Talbot and, therefore, no response is required thereto.

To the extent that the contents of Paragraphs 35-38 are construed as containing allegations against Talbot, such allegations are denied.

### COUNT V – UNFAIR COMPETITION UNDER M.G.L. CHAPTER 93A AS TO DEFENDANT SANDRA T. TALBOT

39. Talbot repeats and re-alleges her answers to Paragraphs 1-38, above.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

### COUNT VI – UNFAIR COMPETITION UNDER M.G.L. CHAPTER 93A AS TO DEFENDANT CHITRA PUBLICATIONS

45. Talbot repeats and re-alleges each of the answers as set forth in paragraphs 1-44 above.

46-50. The allegations contained in paragraphs 46-50 of the Plaintiff's Complaint do not assert allegations against Talbot and, therefore, no response is required thereto. To the extent that the contents of Paragraphs 46-50 are construed as containing allegations against Talbot, such allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff is not the author of the alleged copyright and, therefore, lacks standing to assert infringement of that copyright.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged copyright is invalid and, if valid, is not infringed by Defendant Talbot.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's assertion of copyright infringement constitutes misuses of alleged intellectual property rights for an anti-competitive purpose and therefore Plaintiff's claims are barred by the doctrine of misuse.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, acquiescence and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail for lack of subject matter jurisdiction.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to comply with the provisions of G.L. c. 93A and, therefore, cannot recover under that statute.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to send a legally sufficient demand letter to Talbot as required by G.L. c. 93A and therefore cannot recover under that statute.

## TENTH AFFIRMATIVE DEFENSE

Talbot specifically denies that she violated G.L. c. 93A or that any of her conduct complained of by the Plaintiff constitutes unfair and/or deceptive acts or practices under that statue.

The Defendant Sandra Talbot requests a jury trial as to all issues so triable.

Respectfully Submitted,

Sandra T. Talbot
Defendant

By:_____
Steven M. Coyle
CT Fed. Bar #21039
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, CT 06002
(860) 286-2929

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on the 12th day of October, 2005 by overnight delivery on the following:

Claire Thompson, Esq.
Doherty, Wallace, Pillsbury & Murphy, P.C.
One Monarch Place, Suite 1900
Springfield, MA 01144


_____
Steven M. Coyle