# DOHERTY, WALLACE, PILLSBURY AND MURPHY, P.C.

ATTORNEYS AT LAW
ONE MONARCH PLACE, SUITE 1900
SPRINGFIELD, MASSACHUSETTS 01144-1900

TELEPHONE (413) 733-3111

TELECOPIER (413) 734-3910
WWW.DWPM.COM
E-MAIL: CTHOMPSON@DWPM.COM

PAUL S. DOHERTY
PHILIP J. CALLAN, JR
GARY P. SHANNON
ROBERT L. LEONARD
A. CRAIG BROWN
L. JEFFREY MEEHAN
JOHN J. MCCARTHY
DAVID J. MARTEL‡
BARRY M. RYAN
DEBORAH A. BASILE†
PAUL M. MALECK
CLAIRE L. THOMPSON
W. GARTH JANES**
GREGORY A. SCHMIDT
MICHAEL K. CALLAN*
MICHAEL D. SWEET*
BERNADETTE HARRIGAN‡
BRENDA S. DOHERTY
MICHELE A. ROOKE
KAREN K. CHADWELL*†

MATTHEW J. RYAN, JR.
OF COUNSEL
ROSEMARY CROWLEY***
COUNSEL

DUDLEY B. WALLACE
(1900-1987)
LOUIS W. DOHERTY
(1898-1990)
FREDERICK S. PILLSBURY
(1919-1996)
ROBERT E. MURPHY
(1919-2003)
SAMUEL A. MARSELLA
(1931-2004)

† REGISTERED PATENT ATTORNEY
* ALSO ADMITTED IN CONNECTICUT
‡ ALSO ADMITTED IN NEW YORK
** ALSO ADMITTED IN DISTRICT OF COLUMBIA
*** ALSO ADMITTED IN SOUTH CAROLINA

October 13, 2005

John Stuckenbruck
U.S. District Court
Western Division
1550 Main Street
Springfield, MA 01103

RE: JoAnn Pelletier v. Chitra Publications and Sandra T. Talbot
Civil Action No: 3:05-CV-30109-MAP

Dear Mr. Stuckenbruck:

Attorney Michael Callan and I represent the plaintiff, JoAnn Pelletier, in the above-entitled copyright infringement claim. Enclosed please find my Notice of Appearance for filing with the Court.

I am writing to request entry of default pursuant to F.R.C.P. 55(a) against the defendants Chitra Publications and Sandra T. Talbot for failure to answer the complaint. The complaint in this case was filed on May 4, 2005. The summons and a copy of the complaint were served on the defendant Chitra Publications on May 31, 2005 by mailing postage prepaid, by certified mail, return receipt requested, as evidenced by the Affidavit of Service on Chitra Publications attached as Exhibit A. The Answer from Chitra Publications was due on or before June 20, 2005.

Service of the complaint was also accepted by Attorney Steven M. Coyle on behalf of Sandra T. Talbot and a Waiver of Service of Summons was executed on July 25, 2005. See Exhibit B. The waiver executed by Attorney Coyle expressly states:

"I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after July 25, 2005 . . .."

285757.1

DOHERTY, WALLACE, PILLSBURY AND MURPHY, P.C.

John Stuckenbruck
October 13, 2005
Page 2

      The Answer of Sandra Talbot was due on or before September 25, 2005.

      To date, neither defendant has filed a responsive pleading or otherwise defended the complaint pursuant to the Federal Rules of Civil Procedure. On behalf of the plaintiff, therefore, I respectfully request that default be entered against both defendants in this action.

      Very truly yours,

      *Claire L. Thompson* (signature)

      Claire L. Thompson

CLT/dlb
Enclosure

Cc:    Steven Coyle, Esq.
       Joseph Bulkley, Esq.
       JoAnn Pelletier

285757.1



EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WESTERN SECTION                                  Civil Action No. 3:05-CV-30109-MAP

JOANN PELLETIER )
    Plaintiff, )
  )
vs. ) AFFIDAVIT OF SERVICE ON
  ) CHITRA PUBLICATIONS
  )
CHITRA PUBLICATIONS and )
SANDRA T. TALBOT )
    Defendants. )
  )

I, Michael K. Callan, Esquire, being duly sworn, state that I made service in the above entitled case on behalf of the plaintiff, Joann Pelletier, in accordance with Massachusetts General Laws, Chapter 223A and Chapter 175, § 151, upon the defendant, Chitra Publications, by mailing postage pre-paid, a copy of the Summons, Complaint, and Statement of Damages, by certified mail, return receipt requested, addressed to the following persons and/or organizations as is evidenced by the return receipts attached hereto:

    Chitra Publications
    2 Public Avenue
    Montrose, PA 18801-1220

**Certified Mail Article No. 7160 3901 9842 7574 4221, (Attached hereto as Exhibit A)**

Dated: 8/1/05

Michael K. Callan
Doherty, Wallace, Pillsbury
   & Murphy, P.C.
One Monarch Place
1414 Main Street
Springfield, MA 01144
(413) 734-3111
(413) 734-3910 (fax)
B.B.O. # 558912

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                                              August 1, 2005

On this 1st day of August 2005, before me, the undersigned notary public, personally appeared Michael K. Callan, proved to me through satisfactory evidence of identification, which was  personal knowledge , to be the person whose name is signed on the preceding document, and acknowledged to me that he signed it voluntarily for its stated purpose.

                                          _____
                                          Notary Public: Christina M. Pellegrino
                                          My Commission Expires: 6/20/2008


## CERTIFICATE OF SERVICE

I, Michael K. Callan, do hereby certify that I have caused a copy of the foregoing to be served upon the parties by mailing same first class mail, postage pre-paid, to:

Chitra Publications
2 Public Avenue
Montrose, PA 18801-1220

Steven M. Coyle, Esquire
Cantor Colburn, LLP
55 Griffin Road South
Bloomfield, CT 06002

Dated: 8/1/05                             _____
                                          Michael K. Callan



| 2. Article Number | | COMPLETE THIS SECTION ON DELIVERY |
|---|---|---|
| 7160 3901 9842 7574 4221 | | A. Received by (Please Print Clearly): J. Magdin  B. Date of Delivery: 5/31/05 |
| 3. Service Type CERTIFIED MAIL | | C. Signature X [signature] ☐ Agent ☐ Addressee |
| 4. Restricted Delivery? (Extra Fee) ☐ Yes | | D. Is delivery address different from item 1? ☐ Yes ☒ No |

1. Article Addressed to:

Chitra Publications
2 Public Avenue
Montrose, PA 18801-1220

PS Form 3811, January 2003    Domestic Return Receipt

Pelletier / vvc



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Print your name, address and ZIP+4 below

DOHERTY WALLACE PILLSBURY & MURPHY PC
ONE MONARCH PLACE SUITE 1900
SPRINGFIELD MA 01144-1900

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

ATTACHMENT 8

TO: __Michael K. Callan, Esquire__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Steven M. Coyle, as Attorney for Sandra T. Talbot__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Joanne Pelletier v. Chitra Publications and Sandra T. Talbot__,
(CAPTION OF ACTION)

which is case number __05-30109-MAP__ in the United States District Court
(DOCKET NUMBER)

for the __Western__ District of __Massachusetts__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __July 25, 2005__,
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

__7/25/05__
(DATE)

(SIGNATURE)

Printed/Typed Name: __Steven M. Coyle__

As _____ of _____
(TITLE)                    (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.