IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

FILED
CLERK'S OFFICE
2006 MAY 16  A 9: 36
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| JOANN PELLETIER  Plaintiff | : |
| v. | : CIVIL ACTION NO.<br>: 3:05-cv-30109-MAP |
| SANDRA TALBOT and | : |
| CHITRA PUBLICATIONS, et. al.,  Defendants | : |

## RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION

AND NOW this 15th day of May, 2006, come Defendants, Chitra Publications, Chariot Publishing, Inc., and Christiane Muenier, by and through their attorney, Joseph D. Buckley, Esquire and Responds to Plaintiff's Motion for a Preliminary Injunction as follows:

Defendants Chitra Publications, Chariot Publishing, Inc. and Christiane Meunier, d/b/a Moon Over Mountain request that this Honorable Court deny Plaintiffs request for a Preliminary Injunction and further that the court award them costs including reasonable attorney fees.

As set forth in the accompany brief and exhibits, and Defendants Answer and Counterclaim, Plaintiff's claim to a valid copyright for a pattern and design is not only weak, but as shown in the documents accompanying the brief were admittedly copied directly from a book published by another.

There is little likelihood that Plaintiff will be successful on the merits of this case. Plaintiff argues that based on a default she received against Chitra Publications, a Pennsylvania corporation, that all facts as set for in her Complaint have been accepted as true by the Defendants.

By means of explanation, at no time did Defendant Chitra Publications ("Chitra") intend to offend this Honorable Court by not answering what was believed to be a claim with no merit brought by the Plaintiff. However, the original complaint filed by Plaintiff was against Chitra Publications, "a corporation organized and existing under the laws of the Commonwealth of Pennsylvania." (See paragraph 6 of Plaintiff's original Complaint.) At no time has Defendant Chitra been a Pennsylvania corporation. At all times pertinent to this present action Defendant Chitra was a Pennsylvania Limited Partnership. Defendant Chitra was advised by its counsel not to respond to the Plaintiff's original Complaint until such time that Plaintiff brought an action against the appropriate entity. Once Plaintiff amended her complaint and served Defendants, counsel for Defendants Chitra, Chariot Publishing, Inc. and Christiane Muenier notified Plaintiff through her counsel that because she had now named the proper entities as defendants, all named defendants would rigorously oppose all her

claims. Defendants' counsel was admitted *pro hac vice* before this Honorable Court and thereafter filed Defendants answers and counterclaims.

Plaintiff argues that all facts alleged in her original complaint must be accepted as true after a default she filed against a non existent Defendant party. Defendants would request that this Honorable Court, *sue sponte*, and in the interest of justice, to insure the record is clear as to the actual identity of the parties and so as not to make the record confusing, pursuant to Rule 55 (c) and Rule 60 (b) of the Federal Rules of Civil Procedure, strike the default judgment entered by the Clerk on October 13, 2005.

It would not be in the best interest of the court to permit a default judgment against a non-existent entity which might possibly lead to inconsistent adjudications. As most recently stated by this court in *Goguen v. Textron, Inc., et. al.*, 234 F.R.D. 13 (U.S. District Mass., 2006), the rule set forth in *Frow v. De La Vaga*, 82 U.S. 552, 21 L.Ed. 60 (1872) disfavoring default judgments to avoid logically inconsistent adjudications is alive and well. Especially "where the identical nature of the claims, facts, and legal issues relative to each defendant make it logically inconsistent to rule in favor of some defendants but not others."

The error in naming Chitra Publications, a Pennsylvania corporation, could easily been avoided by Plaintiff through a quick check of the website

maintained by the Commonwealth of Pennsylvania's Department of State, Bureau of Corporations and has been so corrected by the Plaintiff's Amended Complaint. Thus the court should set aside the default judgment entered by the Clerk's Office.

Plaintiff has not suffered any damage in this case. Plaintiff is upset that her student, Defendant Talbot, surpassed her in skill, recognition and acclaim in the field of quilt making. Plaintiff's claim to a valid copyright has been challenged. The evidence indicates that Plaintiff may herself be an infringer. The evidence c;ear;y does not support Plaintiff's claims, thus this Honorable Court should dismiss Plaintiff's Motion for Preliminary Injunction and award Defendants Chitra, Chariot Publishing, Inc. and Christiane Meunier costs including attorney fees.

Respectfully submitted,

*/s/ Joseph D. Buckley*
Joseph D. Buckley, Esquire
Attorney for Defendants Chitra Publications,
Chariot Publishing, Inc. and Christiane Meunier
1237 Holly Pike
Carlisle, PA 17013-4435
JoeBLaw@aol.com
(717) 249-2448

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| JOANN PELLETIER<br>Plaintiff | :<br>:<br>: |
| v. | : CIVIL ACTION NO. 05-30109 MAP |
| SANDRA TALBOT and<br>CHITRA PUBLICATIONS, et. al.,<br>Defendants | :<br>:<br>: |

### CERTIFICATE OF SERVICE

I, Joseph D. Buckley, Esquire, hereby certify that a true and correct copy of the foregoing pleading in the above captioned matter was served on the following persons by means of United States First Class Mail, postage prepaid:

Claire L. Thompson, Esquire
Doherty, Wallace Pillsbury & Murphy, P.C.
One Monarch Place, Suite 1900
Springfield, MA 01144-1900

Steven M. Colye, Esquire
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002

Maurice M. Cahillane, Jr.
Egan, Flanagan & Cohen P.C.
67 Market Street
P.O. Box 9035
Springfield, MA 01102-9035

Date: 5-15-06

Joseph D. Buckley, Esquire
Attorney for Defendants Chitra Publications,
Chariot Publishing, Inc., and Christiane Meunier
d/b/a Moon Over Mountian