THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WESTERN DIVISION                                             CIVIL ACTION NO. 3:05-CV-30109-MAP

| |
|---|
| JOANN PELLETIER,<br>       Plaintiff<br><br>vs.<br><br>SANDRA T. TALBOT, CHITRA PUBLICATIONS, CHARIOT PUBLISHING, INC. As General Partner of Chitra Publications, CHRISTIANE MEUNIER, As Officer of Chariot Publishing, Inc., CHRISTIANE MEUNIER, As Owner of Chitra Publications, and CHRISTIANE MEUNIER d/b/a MOON OVER MOUNTAIN,<br>       Defendants |

## PLAINTIFF'S ANSWER TO COUNTERCLAIM

The Defendants, CHITRA PUBLICATIONS, CHARIOT PUBLISHING, INC. As General Partner of Chitra Publications, CHRISTIANE MEUNIER, As Officer of Chariot Publishing, Inc., CHRISTIANE MEUNIER, As Owner of Chitra Publications, and CHRISTIANE MEUNIER d/b/a MOON OVER MOUNTAIN filed an answer to the Plaintiff's complaint and a counterclaim against the Plaintiff on May 16, 2006. This document will constitute the Plaintiff's answer to the counterclaim which begins as Paragraph number 149 on page 12 of the Defendants' Answer.

Background

149.   The Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 149 of the Defendants' Counterclaim but calls upon the Defendant to prove the same.

312631.1

150. No response is required to Paragraph 150 since it fails to set forth allegations against the Plaintiff.

151. No response is required to Paragraph 151 since it fails to set forth allegations against the Plaintiff.

152. No response is required to Paragraph 152 since it fails to set forth allegations against the Plaintiff.

153. No response is required to Paragraph 153 since it fails to set forth allegations against the Plaintiff.

154. No response is required to Paragraph 154 since it fails to set forth allegations against the Plaintiff.

155. No response is required to Paragraph 155 since it fails to set forth allegations against the Plaintiff.

156. No response is required to Paragraph 156 since it fails to set forth allegations against the Plaintiff.

157. No response is required to Paragraph 157 since it fails to set forth allegations against the Plaintiff.

158. No response is required to Paragraph 158 since it fails to set forth allegations against the Plaintiff.

159. No response is required to Paragraph 159 since it fails to set forth allegations against the Plaintiff.

160. No response is required to Paragraph 160 since it fails to set forth allegations against the Plaintiff.

161. No response is required to Paragraph 161 since it fails to set forth allegations against the Plaintiff.

162. No response is required to Paragraph 162 since it fails to set forth allegations against the Plaintiff.

163. No response is required to Paragraph 163 since it fails to set forth allegations against the Plaintiff.

164. No response is required to Paragraph 164 since it fails to set forth allegations against the Plaintiff.

165. No response is required to Paragraph 165 since it fails to set forth allegations against the Plaintiff.

166. No response is required to Paragraph 166 since it fails to set forth allegations against the Plaintiff.

167. No response is required to Paragraph 167 since it fails to set forth allegations against the Plaintiff.

168. No response is required to Paragraph 168 since it fails to set forth allegations against the Plaintiff.

169. No response is required to Paragraph 169 since it fails to set forth allegations against the Plaintiff.

170. No response is required to Paragraph 170 since it fails to set forth allegations against the Plaintiff.

171. No response is required to Paragraph 171 since it fails to set forth allegations against the Plaintiff.

172. The Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 172 of the Defendants' Counterclaim but calls upon the Defendant to prove the same.

173. The Plaintiff admits the allegations contained in Paragraph 173 of Defendants' Counterclaim.

174. The Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 174 of the Defendants' Counterclaim but calls upon the Defendant to prove the same.

175. The Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 175 of the Defendants' Counterclaim but calls upon the Defendant to prove the same.

176. The Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 176 of the Defendants' Counterclaim but calls upon the Defendant to prove the same.

177. The Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 177 of the Defendants' Counterclaim but calls upon the Defendant to prove the same.

178. The Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 178 of the Defendants' Counterclaim but calls upon the Defendant to prove the same.

179. The Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 179 of the Defendants' Counterclaim but calls upon the Defendant to prove the same.

180. In response to Paragraph 180, the Plaintiff states that the design and instructions published by Chitra in the October/November issue of "Quiltworks Today" Issue no. 4 were that authored by the Plaintiff, entitled "Sew Many Spools", not the work of the Defendant Talbot.

181. In response to Paragraph 181, the Plaintiff states that the October/November issue of "Quiltworks Today" Issue no. 4 included a copy of the Plaintiff's, not Chitra's, copyrighted pattern.

182. In response to Paragraph 182, the Plaintiff states that Chitra selected the Plaintiff's "Sew Many Spools" copyrighted pattern in December 2003 to appear in a quilt pattern book later entitled "My Favorite Scrap Quilts". The Plaintiff is without knowledge regarding the truth of the remaining allegations in Paragraph 182.

183. The Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 183 of the Defendants' Counterclaim but calls upon the Defendant to prove the same.

184. In response to Paragraph 184, the Plaintiff states that Chitra utilized her copyrighted pattern and instructions to create the book entitled "A Few of My Favorite Scrap Quilts". The Plaintiff is without knowledge regarding the truth of the remaining allegations in Paragraph 184.

185. In response to Paragraph 185, the Plaintiff states that Chitra's book submission entitled "A Few of My Favorite Scrap Quilts" contained the Plaintiff's, rather than Chitra's copyrighted pattern. The Plaintiff is without knowledge regarding the truth of the remaining allegations in Paragraph 185.

186. No response is required to Paragraph 186 since it fails to set forth allegations against the Plaintiff.

187. No response is required to Paragraph 187 since it fails to set forth allegations against the Plaintiff.

188. No response is required to Paragraph 188 since it fails to set forth allegations against the Plaintiff.

189. The Plaintiff denies the allegations contained in Paragraph 189 of the Defendants' Counterclaim.

190. In response to Paragraph 190, the Plaintiff admits that she taught quilting classes in 1993, including the log cabin club, but denies all remaining allegations in Paragraph 190.

191. The Plaintiff denies the allegations contained in Paragraph 191 of the Defendants' Counterclaim.

192. The Plaintiff denies the allegations contained in Paragraph 192 of the Defendants' Counterclaim.

193. The Plaintiff denies the allegations contained in Paragraph 193 of the Defendants' Counterclaim.

194. The Plaintiff admits the allegations contained in Paragraph 194 of the Defendants' Counterclaim.

195. The Plaintiff denies the allegations contained in Paragraph 195 of the Defendants' Counterclaim.

196. In response to Paragraph 196, the Plaintiff states that she spoke with a representative of Chitra who expressed genuine concern regarding the Plaintiff's allegations and the veracity of the representations made by Talbot relative to authorship of the subject design.

197. The plaintiff admits the allegations contained in Paragraph 197 of the Defendants' Counterclaim.

198. In response to Paragraph 198, the Plaintiff admits that her counsel received a letter from Ms. Meunier but denies the accuracy of the allegations set forth in that letter, as well as the remaining allegations in Paragraph 198 of the Defendants' Counterclaim.

199. In response to Paragraph 199, the Plaintiff denies that she "copied the pattern and design authored by Janet Kime" but admits that her counsel issued a settlement demand.

200. The Plaintiff denies the allegations contained in Paragraph 200 of the Defendant's Counterclaim.

201. The Plaintiff denies the allegations contained in Paragraph 201 of the Defendants' Counterclaim.

202. In response to Paragraph 202, the Plaintiff states that she authored the "Sew Many Spools" design which is the subject of this litigation and correctly represented the authorship of the design to the United States Copyright Office.

203. The Plaintiff denies the allegations contained in Paragraph 203 of the Defendants' Counterclaim.

204. The Plaintiff denies the allegations contained in Paragraph 204 of the Defendants' Counterclaim.

205. The Plaintiff denies the allegations contained in Paragraph 205 of the Defendants' Counterclaim.

206. The Plaintiff denies the allegations contained in Paragraph 206 of the Defendants' Counterclaim.

207. The Plaintiff denies the allegations contained in Paragraph 207 of the Defendants' Counterclaim.

COUNT I – DEFAMATION AGAINST CHITRA

208. The Plaintiff hereby repeats and incorporates by reference her aforementioned answers to Paragraphs 149 through 207 of Defendants' Counterclaim.

209. The Plaintiff denies the allegations contained in Paragraph 209 of the Defendants' Counterclaim.

210. The Plaintiff denies the allegations contained in Paragraph 210 of the Defendants' Counterclaim.

211. In response to Paragraph 211, the Plaintiff denies the Defendants' entitlement to any damages, punitive or otherwise, in this counterclaim.

### OUNT II – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS AGAINST CHITRA

212. The Plaintiff hereby repeats and incorporates by reference her aforementioned answers to Paragraphs 149 through 211 of Defendants' Counterclaim.

213. The Plaintiff denies the allegations contained in Paragraph 213 of the Defendants' Counterclaim.

214. The Plaintiff denies the allegations contained in Paragraph 214 of the Defendants' Counterclaim.

215. In response to Paragraph 215, the Plaintiff denies the Defendants' entitlement to any damages, punitive or otherwise, in this counterclaim.

### COUNT III – DEFAMATION AGAINST CHRISTIANE MEUNIER d/b/a MOON OVER MOUNTAIN

216. The Plaintiff hereby repeats and incorporates by reference her aforementioned answers to Paragraphs 149 through 215 of Defendants Counterclaim.

217. The Plaintiff denies the allegations contained in Paragraph 217 of the Defendants' Counterclaim.

218. The Plaintiff denies the allegations contained in Paragraph 218 of the Defendants' Counterclaim.

219. In response to Paragraph 219, the Plaintiff denies the Defendants' entitlement to any damages, punitive or otherwise, in this counterclaim.

### COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS AGAINST CHRISTIANE MEUNIER d/b/a MOON OVER MOUNTAIN

220. The Plaintiff hereby repeats and incorporates by reference her aforementioned answers to Paragraphs 149 through 219 of Defendants' Counterclaim.

221. The Plaintiff denies the allegations contained in Paragraph 221 of the Defendants' Counterclaim.

222. The Plaintiff denies the allegations contained in Paragraph 222 of the Defendants' Counterclaim.

223. In response to Paragraph 223, the Plaintiff denies the Defendants' entitlement to any damages, punitive or otherwise, in this counterclaim.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in her favor relative to all counts in the Defendants' Counterclaim and deny all relief sought by the Defendants.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiff says that the Defendants committed a violation of law, wherefore, the Defendants are not entitled to recover.

### SECOND DEFENSE

The Plaintiff states that the Defendants have failed to set forth a cause of action against her.

### THIRD DEFENSE

This action was not commenced within the time required by the laws made and provided therefore.

### FOURTH DEFENSE

The Plaintiff states that this Counterclaim is frivolous, wholly insubstantial and not advanced in good faith, wherefore, the Plaintiff reserves her right to recover from the Defendants costs and expenses associated with this counterclaim, pursuant to M.G.L. Chapter 231 §6F.

### FIFTH DEFENSE

The Defendants' claims are barred by the Doctrine of Laches.

### SIXTH DEFENSE

The Defendants' claims are barred by the Doctrine of Unclean Hands.

## SEVENTH DEFENSE

The Plaintiff hereby gives notice that she intends to rely on such other defenses as may become available or apparent during discovery and hereby reserves the right to assert any such additional defenses.

                          THE PLAINTIFF
                          JOANN PELLETIER


                          By__/s/ Claire L. Thompson_____
                               Claire L. Thompson
                               Doherty, Wallace, Pillsbury
                                  & Murphy, P.C.
                               1414 Main Street, 19th Floor
                               Springfield, MA 01144-1900
                               (413) 733-3111
                               (413) 734-3910 Fax
                               B.B.O. #550262

## CERTIFICATE OF SERVICE

I, Claire L. Thompson, do hereby certify that I have caused a copy of the foregoing to be served upon counsel of record to: Steven M. Coyle, Esq., Cantor Colburn, LLP, 55 Griffin Road South, Bloomfield, CT 06002 to and Joseph D. Buckley, Esq., 1237 Holly Pike, Carlisle, PA 17013.


Dated:  May 30, 2006                                       */s/ Claire L. Thompson*_____
                                                                 Claire L. Thompson